E. L. Loughridge v. Commissioner.
Loughridge v. Commissioner
Docket No. 32184.
United States Tax Court
1953 Tax Ct. Memo LEXIS 402; 12 T.C.M. (CCH) 38; T.C.M. (RIA) 53019; January 21, 1953
*402 On April 30, 1943, petitioner sold his one-half interest in a partnership to his wife. Subsequent to that time, he did not participate in any activities of the partnership, nor did he receive any income from it. Held, respondent erred in treating one-half of the partnership income for the period May 1, 1943 through December 31, 1943 as petitioner's income for 1943. Max M. Morelock, Esq., 1026 Giddens-Lane Bldg., Shreveport, La., for the petitioner. William W. Oliver, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in income and victory tax for the year 1943 in the amount of $7,002.46. The sole issue is whether petitioner is taxable upon one-half of the net income of a partnership for the period May 1 to December 31, 1943, which was reported by his wife as her income. Some of the facts were stipulated. Findings of Fact The stipulated facts are so found and are incorporated herein. Petitioner is an individual residing in Boyd, Florida. His individual income tax return for 1943 was filed with the collector of internal revenue for the district of Florida. Petitioner has had extensive *403 experience in timber and lumber manufacturing. He studied accounting in college and, in 1927, he started keeping books for the Weaver-Loughridge Lumber Company, in which his family owned a 50 per cent interest. At a later date he ran a lumber yard for the company, and subsequently became assistant logging superintendent. He entered the timber business independently in 1932. In 1938, petitioner entered into a copartnership with Drew Land. The partnership operated sawmills and bought timber which it processed mostly into poles and pilings. Each partner owned an undivided one-half interest in it. In 1943, petitioner's father, at the time president and general manager of Weaver-Loughridge Lumber Company, was seriously ill and prevailed upon petitioner to become general manager of the company. Since much of the Land & Loughridge partnership output was sold to this company, petitioner felt that he could not fairly represent both the partnership and the corporation in their business dealings with one another. Therefore, on April 30, 1943, petitioner sold to his wife, Eva M. Loughridge, his entire undivided one-half interest in the partnership of Land & Loughridge, at the book value of *404 his interest, which was $13,481.62. The deed evidencing such sale was recorded on December 29, 1943. Petitioner's undivided one-half interest in the real estate, belonging to the partnership, was also conveyed to Eva on April 30, 1943, via a third party, and the deeds evidencing such conveyance were recorded on December 29, 1943. In payment of the purchase price, Eva executed a non-interest-bearing, demand promissory note to petitioner, dated May 1, 1943, in the amount of $13,481.62. On or about May 1, 1943, Eva and Drew Land entered into an oral partnership agreement for the carrying on of the business. Experience in business affairs was not unknown to Eva. She has been postmistress at Boyd, Florida, since 1923 and has been manager of the Weaver-Loughridge Lumber Company's commissary store since 1930. She was made a "free dealer" under the laws of the State of Florida by order of the Circuit Court, Third Judicial Circuit in and for Taylor County, Florida, on or about December 28, 1942. Persons and firms dealing with the partnership of Land & Loughridge were notified that petitioner was no longer a partner, and that Eva was now a partner in the partnership. No change was made *405 in the firm's name. The two banks with which the partnership dealt were also notified of the change, and that petitioner no longer had authority to draw checks on the partnership, and that Eva was so authorized. Petitioner did draw some checks against the partnership account subsequent to May 1, 1943, although he had no legal authority to do so. Eva did not draw any checks on the partnership accounts during 1943. Subsequent to the sale of his interest to Eva, petitioner had no connection with or interest in the partnership, exercised no control over its affairs, and received no income from it. At times, when requested, he would give advice on certain matters, but this advice was not always followed. Eva performed important and material services for the partnership, such as making out the social security forms, ordering necessary parts and supplies, paying those employees of the partnership living in and around Boyd, taking care of all correspondence, and keeping all records pertaining to the partnership. On May 1, 1943, petitioner became general manager of the Weaver-Loughridge Lumber Company. In his separate return for the year 1943, petitioner, on the cash basis, reported $5,043.63 *406 as his distributable share of the partnership income from January 1, 1943 through April 30, 1943. In his deficiency notice, respondent increased such income by the amount of $10,712.33, which was one-half of the net income of the partnership for the period May 1 to December 31, 1943. This latter amount had been reported by Eva in her separate income tax return for 1943. Petitioner was not a partner in the partnership after April 30, 1943. Opinion RICE, Judge: This case does not present the usual family partnership problem where the husband brings his wife into a business in which he remains interested. Here, he completely divested himself of all interest and rights in the partnership and its assets by selling them to his wife who then entered into a partnership with a third party. The respondent argues that form should not govern, and that petitioner remained in fact the interested party in the business with Eva as a nominal partner. The evidence shows that Eva had been active in business activities for a number of years of Weaver-Loughridge Lumber Company would be in direct conflict with his interests in the partnership, decided to completely liquidate his interest in such *407 partnership. Subsequent to the sale of his interest to Eva, he did not participate in the partnership; had no interest of any type whatsoever in the partnership or its assets; was never an employee of the partnership; and never received any income from the partnership. While at times he did give advice to the partnership, that was only upon request, and it was not always followed. Under such circumstances, we feel this case falls within the doctrine enunciated in Simmons v. Commissioner, 164 Fed. (2d) 220 (C.A. 5, 1947); William S. Bein, 14 T.C. 1144 (1950); and Willis H. Vance, 14 T.C. 1168 (1950), and cases cited therein. The respondent's argument that petitioner has failed to prove that April 30, 1943 was actually the date of the sale, because the deeds evidencing such transaction were not recorded until December 29, 1943, and because petitioner drew some checks on the partnership's accounts subsequent to May 1, 1943, in addition to other facts argued on brief, has not convinced us that April 30, 1943 was not the date upon which the transaction occurred. All of the deeds are dated April 30, 1943 and the notarizations appearing thereon also *408 bear the same date. Petitioner has adequately borne his burden of proving this was the date of the transaction. Under such circumstances, respondent erred in including one-half of the profits of the partnership from May 1, 1943 through December 1, 1943 in petitioner's net income for that year. Decision will be entered for the petitioner.